IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>DANIEL EDWARD MILLER,<br><br>                  Defendant. | 8:22–CR–150<br><br>ORDER ON MOTION TO EXTEND |

      This matter is before the Court on Defendant Daniel Edward Miller's *pro se* Motion seeking an extension "of at least 45 days" to file for relief under 28 U.S.C. § 2255. Filing 60. Miller previously pleaded guilty to one count of possession with the intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Filing 58 at 1. Consistent with his Rule 11(c)(1)(C) plea agreement, the Court sentenced Miller to a term of 180 months' incarceration. Filing 58 at 2. Judgment was entered on July 11, 2023, and the docket reveals that Miller did not file a direct appeal with the United States Court of Appeals for the Eighth Circuit. Filing 58 at 1. Nor has Miller filed a Motion pursuant to 28 U.S.C. § 2255.

      A little over 10 months after Judgment was entered, the Court received Miller's Motion to Extend. Filing 60. The substance of it reads, in its entirety, as follows:

> My Name is Daniel Miller 13437510. I'm at Leavenworth Kansas. We have been repeatedly locked down over the past 8 months with the last lock down lasting over 45 days. I have had no access to the law library or any legal materials to prepare a appeal for my case I Request a extension of the deadline of in my case to summit my 2255 of at least 45 days.

Filing 60 at 1 (sic throughout).

      The Court construes this filing as a motion to equitably toll the statute of limitations to file a petition for habeas relief under 28 U.S.C. § 2255(f). The Motion will be denied.

1

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes "a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Odie v. United States*, 42 F.4th 940, 944–45 (8th Cir. 2022) (citing *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013)). Ordinarily, the statute of limitations begins to run when the criminal judgment becomes final.[1] 28 U.S.C. § 2255(f)(1). When a defendant does not file a direct appeal, judgment becomes final 14 days after entry of judgment. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (explaining that a judgment becomes final when the period to file an appeal expires); Fed. R. App. P. 4(b)(1)(A) (stating that a defendant must file a notice of appeal within 14 days after entry of judgment). Nevertheless, there are some limited instances in which the one-year statute of limitations under § 2255(f) may be equitably tolled to permit an inmate to file a timely petition for habeas relief. *See Odie*, 42 F.4th at 946. Specifically, the United States Court of Appeals for the Eighth Circuit has held that the one-year statute of limitations enunciated at 28 U.S.C. § 2255(f) may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Muhammad*, 735 F.3d at 815 (alteration in original) (internal quotation marks and citations omitted) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Critically, only the pending Motion is before this Court. No habeas petition has been filed. Although the Eighth Circuit has not yet addressed the issue, this Court has previously joined several other district courts in this circuit in concluding that a court lacks jurisdiction to consider

---

[1] Pursuant to 28 U.S.C. § 2255(f), a habeas petition may also be filed one year after (1) "the date on which the impediment to [filing a petition] created by the governmental action in violation of the Constitution or laws of the United States is removed"; (2) "the date on which the right asserted was initially recognized by the Supreme Court" if that right was made retroactively applicable to habeas cases; or (3) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)–(4).

tolling the statute of limitations under § 2255(f) when the movant has not yet filed a habeas petition. *See United States v. Crawford*, No. 8:20-CR-00247, 2023 WL 4849149, at *2 (D. Neb. July 28, 2023) (citing *United States v. Adams*, No. 3:18-CR-30147-RAL, 2022 WL 8016824, at *2 (D.S.D. Oct. 14, 2022); *United States v. Red Legs*, 2022 WL 3585150, at *2 (D.S.D. Aug. 22, 2022)); and *United States v. Poole*, No. CR13-3003-MWB, 2015 WL 13283253, at *1 (N.D. Iowa July 6, 2015)). Several federal courts of appeals have also reached this same conclusion. *See e.g.*, *United States v. Asakevich*, 810 F.3d 418, 423 (6th Cir. 2016); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000); *see also Swichkow v. United States*, 565 F. App'x 840, 843-44 (11th Cir. 2014); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005); *but see United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013).[2] Unless and until the Eighth Circuit instructs otherwise, this Court will continue to follow the majority view shared by district courts within this circuit that a court lacks jurisdiction to rule upon a preemptive motion for equitable tolling when no § 2255 motion has yet been filed. Moreover, because Miller's *pro se* submission does not identify any colorable grounds for relief or any factual basis supporting such grounds, the Court cannot liberally construe his present submission as a § 2255 Motion. *See Adams*, 2022 WL 8016824, at *2. The Court therefore lacks jurisdiction to rule on his preemptive motion for equitable tolling.

The Court further notes that irrespective of jurisdiction Miller has not articulated sufficient grounds to justify an extension anyway. Assuming that the deadline set forth in 28 U.S.C. § 2255(f)(1) governs, Miller still has approximately two months to submit a § 2255 Motion if he so

---

[2] The Sixth Circuit has described the Third Circuit's opinion in *Thomas* as reflecting the minority view. *See Asakevich*, 810 F.3d at 421 ("The exception is the Third Circuit, which held that district courts have jurisdiction to consider such motions). This Court is unaware of any decision issued by a district court within the Eighth Circuit that has followed the Third Circuit's minority view. *See Adams*, 2022 WL 8016824, at *2 (acknowledging the Third Circuit's view, but noting that "[w]ithin the Eighth Circuit, other district courts, including this one, have followed the approach that such an issue of equitable tolling is not ripe until a § 2255 motion is filed").

chooses. His present Motion for an extension is dated May 9, 2024, and was received by the Court on May 16, 2024. Filing 60 at 1–2. Therefore, despite the restrictions he complains of, he has demonstrated the capacity to submit mail to this Court within a one-week timeframe. Jurisdictional concerns notwithstanding, Miller has failed to show that extraordinary circumstances stand in his way and prevent timely filing. *See Muhammad*, 735 F.3d at 815 (noting that the Eighth Circuit has "recognized that equitable tolling was not proper when an unrepresented prisoner claimed lack of legal resources"). Miller still has ample time to file a § 2255 Motion within the deadline set forth in 28 U.S.C. § 2255(f)(1) and has demonstrated the present ability to mail written requests for relief to this Court. However, at this point, Miller's present Motion lacks merit for the reasons stated herein. Accordingly,

IT IS ORDERED that defendant Daniel Edward Miller's Motion to Extend, Filing 60, is denied.

Dated this 20th day of May, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge