IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>DANIEL EDWARD MILLER,<br>Defendant. | **8:22-CR-150**<br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

This matter is before the Court on petitioner Daniel Edward Miller's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 65. The defendant is currently serving a sentence of 180 months for possession with intent to distribute 50 grams or more of methamphetamine (actual). Filing 58 (Judgment). The defendant has filed the Motion to Vacate, various other motions, an affidavit, and briefing. Filing 65; Filing 66; Filing 67; Filing 68; Filing 74; Filing 77; Filing 78. The defendant's Motion to Vacate raises five grounds for relief, each of which is an allegation of ineffective assistance of counsel. *See generally* Filing 65. First, the defendant asserts that his attorney provided him with certain erroneous advice and that he would not have accepted the Rule 11(c)(1)(C) plea agreement had he not been given such advice. Filing 65 at 4. Second, the defendant asserts that his counsel was ineffective because he failed to hire certain experts. Filing 65 at 4. Third, the defendant asserts that his counsel was ineffective because he failed "to hire a lab/expert to test the meth he had in his possession for purity." Filing 65 at 7. Fourth, the defendant asserts that his counsel was ineffective in failing to investigate his purported mental health

issues. Filing 65 at 8. Finally, the defendant again asserts that his counsel was ineffective for failing to challenge the manner in which the methamphetamine was tested. Filing 65 at 9.

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The defendant's motion was timely filed under 28 U.S.C. § 2255(f)(1) given the motion was filed within one year of the defendant's conviction becoming final. Filing 65. For the reasons provided below, the defendant's Motion to Vacate and other related motions are denied.

## I. BACKGROUND

Upon arriving to D's Frontier Bar after being alerted of an assault, Omaha police officers located and interviewed Kristi Bittner. Filing 56 at 5. Bittner—who presented with blood around her mouth—informed law enforcement that the defendant assaulted her by grabbing her hair and hitting her several times in the face and head. Filing 56 at 5. Bittner also reported that the defendant grabbed a gun from his waistband and began hitting her in the face and head with it, while threatening to kill her. Filing 56 at 5. Bittner further reported that the defendant pointed the gun at her back and forced her out of the door and into his Ford Focus vehicle, firing one round at Bittner's Chevy Blazer vehicle to alert her that the gun was, in fact, loaded. *See* Filing 56 at 5. Law enforcement later recovered a spent .40 caliber casing near the vehicle. Filing 56 at 5. Bittner reported that she was eventually able to open the passenger door, jump out of the vehicle, and run inside the bar to ask for help. Filing 56 at 5. Law enforcement then located and arrested the

defendant, finding a substantial amount of methamphetamine in the defendant's possession. Filing 56 at 5. The defendant was ultimately held accountable for a total of 83.84 grams of methamphetamine (actual). Filing 56 at 5.

The grand jury returned a one count Superseding Indictment against the defendant, charging him with possession with intent to distribute 50 grams or more of methamphetamine (actual). Filing 18 at 1 (Superseding Indictment). The Superseding Indictment also contained notice that the defendant was subject to an enhancement because the defendant "had a final conviction for a serious violent felony, namely, a conviction under Iowa Code Section 708.4(1) for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense." Filing 18 at 1.

The defendant appeared before United States Magistrate Judge Michael D. Nelson, withdrawing his plea of not guilty and entering a plea of guilty with respect to the count alleged in the Superseding Indictment. Filing 43 (Text Minute Entry). The defendant was placed under oath. Filing 50 at 3. The magistrate judge provided the defendant with the elements of the charge filed against him and asked whether the defendant had any questions about the nature of the charge that he would be pleading guilty to. Filing 50 at 7. The defendant responded, "Your Honor, I want to ask you about the inferences that can be placed upon the weight alone in the intent to distribute. The weight can be used to infer that I intended to distribute. I would like you to elaborate on that, please." Filing 50 at 8. Among other things, the magistrate judge explained,

> Your attorney has no doubt told you that the law does allow for inferences to be made, and there are jury instructions to that effect with regard to weight of the methamphetamine that you possessed and whether a trier of fact can infer or make a finding, based upon that weight and other evidence, as to what your intent was. I mean, that certainly is the law.

Filing 50 at 8. The magistrate judge also stated that "I will tell you that when I was a defense attorney for 26 years, I had to have the [conversation about inferences based on drug weight] that Mr. Thomas no doubt had with you many times." Filing 50 at 8-9. The defendant then explained that he had that conversation with his attorney "[m]any times." Filing 50 at 9. The magistrate judge then asked the defendant whether he needed to speak with his attorney before proceeding, but the defendant responded that doing so was unnecessary because the defendant's attorney "explained [that the law does allow for inferences] to [him]." *See* Filing 50 at 8-9.

Later in the change of plea hearing, the Government was asked to summarize the terms of the case's Rule 11(c)(1)(C) plea agreement, and the defendant acknowledged that he had "a full opportunity to consider the plea offers made to [him]" and that, "after doing so, [he] voluntarily sign[ed] the written plea agreement with the government." Filing 50 at 19. Among other things, the plea agreement provided that "[t]he defendant knew the substance was methamphetamine and intended to distribute it." Filing 47 at 2. The Government also provided a summary of the factual background at the hearing, stating *inter alia* that "[t]he defendant knew the substance was methamphetamine and intended to distribute it." Filing 50 at 23. The magistrate judge asked the defendant, "[d]o you agree to those facts that are stipulated to in your written plea agreement with the government and as just recited by counsel for the government?" Filing 50 at 24. The defendant responded, "Yes, sir." Filing 50 at 24. The defendant then explained that he agreed the government would be able to prove those facts. Filing 50 at 24.

## II. ANALYSIS

### A. Applicable Standards

Miller brings his motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the

sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 599 U.S. 465, 472 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks and citations omitted)). Relief under 28 U.S.C. § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012). "A § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Put differently, "[n]o hearing is required . . . where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (internal quotation marks and citations omitted).

Miller's claims turn on allegations of ineffective assistance of counsel. Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotation marks and citation omitted). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *O'Neil v. United States*, 966 F.3d 764, 770

(8th Cir. 2020) (quoting *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011)). "Only a performance 'outside the wide range of reasonable professional assistance' is constitutionally deficient." *Id.* at 771 (quoting *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020)). To demonstrate prejudice, "a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 694). "The likelihood of a different outcome . . . 'must be substantial, not just conceivable.'" *Donelson v. Steele*, 16 F.4th 559, 570 (8th Cir. 2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

**B. Miller's Five Grounds for Relief**

*1. Erroneous Advice*

The defendant's first ineffective assistance of counsel ground alleges that his attorney "told [him] that in Federal court 7 grams or more was possession with the intent to distribute by law." Filing 65 at 4. The defendant also alleges that his attorney advised him that "if he didn't take the plea they would give him '[l]ife.'" Filing 65 at 4. The defendant asserts that but for such erroneous advice, he would not have pleaded guilty. Filing 66 at 11.

With respect to the first part of this first ground, the defendant states that "[c]ounsel was ineffective for telling Miller that federal law made possession of more than 7 grams of meth, automatically 'distribution' of meth." Filing 66 at 7. The defendant states, "[t]here is no federal law that automatically makes possession of more than 7 grams of meth (or any other controlled substance) a distribution charge." Filing 66 at 8. The defendant maintains that, "contrary to what counsel told Miller, if he would have proceeded to trial[,] there is a reasonable probability that the

court would have given a lesser-included-offense instruction on simple possession." Filing 66 at 10. The defendant concludes, "[a]bsent counsel's deficient performance, Miller would not have pled guilty, but would have insisted on going to trial." Filing 66 at 11.

The defendant's argument fails because his argument for counsel's unreasonable performance is contradicted by the record. At the change of plea hearing, the defendant specifically asked the Court about how the offense he was charged with could be proved. Filing 50 at 8. The defendant did not ask the Court whether he would have committed a distribution-related offense under the law if he was in possession of seven or more grams of methamphetamine. Filing 50 at 7. Instead, the defendant asked the Court whether an inference from the drug weight alone could underlie a guilty plea. *See* Filing 50 at 8. The defendant was informed that "the law does allow for inferences to be made" and that "a trier of fact can infer or make a finding, based upon [the drug] weight and other evidence, as to what your intent was." Filing 50 at 8. The defendant then told the magistrate judge that he had conversed with his attorney "[m]any times" whether a trier of fact could infer guilt based on the drug weight. *See* Filing 50 at 8-9. The magistrate judge then specifically asked whether the defendant needed more time to speak with his attorney, but the defendant declined, saying his attorney had explained to him that he could be found guilty based on an inference. *See* Filing 50 at 8-9. The evidence in the record shows that the defendant's attorney advised him that he could be found guilty on the basis of an inference relating to drug weight. This cannot be squared with the defendant's present assertion that his defense attorney, instead, advised him that he would be guilty by operation of law if he was found in possession of seven or more grams of a controlled substance. *Tinajero-Ortiz*, 635 F.3d 1100, 1105 (8th Cir. 2011) (saying allegations that "are contradicted by the record" are not taken as true). Additionally, the colloquy at the hearing shows that the defendant's guilty plea could not have been based on a misunderstanding

of how the charge could be proved. Therefore, the defendant's argument for his counsel's unreasonable performance fails on its face, as the defendant has shown neither deficient performance nor prejudice.

The second reason that the defendant's argument fails is that his claim that he would have pleaded guilty but for his attorney's deficient performance is contradicted by the record. The defendant maintains that he "would not have plead [sic] guilty, but would have insisted on going to trial" because he was "innocent of [the possession with intent to distribute] charge." Filing 66 at 8. The defendant maintains that this is so because, despite the significant amount of methamphetamine located by law enforcement, the defendant maintains that the methamphetamine was purchased for personal use, not distribution. *See, e.g.*, Filing 66 at 12. For instance, the defendant maintains that "he used 8 to 10 grams a day and if he bought 8 to 10 grams daily, rather than a larger weekly amount, over the course of the week, he would pay three times the amount he did to support his habit." Filing 66 at 12. According to the defendant, "This is tantamount to [a] discount shopper purchasing a 100 pack of toilet paper from Costco." Filing 66 at 12. The defendant's reasoning that he would have rejected the Rule 11(c)(1)(C) plea agreement and proceeded to trial because he was not, in fact, guilty of possession with intent to distribute fails because it is contradicted by the record. Under oath, the defendant informed the magistrate judge that he agreed with the facts stipulated to in the plea agreement and that the Government would be able to prove those facts at trial. Filing 50 at 24. The defendant stated that all of the facts stipulated to were true. Filing 50 at 3, 24. The factual basis set out in the plea agreement states in no uncertain terms that "[t]he defendant knew the substance was methamphetamine and intended to distribute it." Filing 47 at 2. The defendant also acknowledged that he agreed with and that the Government would be able to prove the factual summary provided at the change of plea hearing, which included the statement that "[t]he defendant

knew the substance was methamphetamine and intended to distribute it." Filing 50 at 23-24. The defendant's argument that he would have refused the plea agreement because he was innocent of possession with intent to distribute and that the methamphetamine that was found by law enforcement was not for distribution but for personal use is contradicted by the record. In fact, the Court would not have been able to accept the defendant's guilty plea or plea agreement but for the defendant's sworn admission to a factual background supporting each of the elements of the offense charged. Fed. R. Crim. P. 11(b)(3); *United States v. Wroblewski*, 816 F.3d 1021, at 1024–25 (8th Cir. 2016) (saying there must be an adequate factual basis to support a plea of guilty). Therefore, even if the defendant's counsel could be said to have performed deficiently, the defendant has not and cannot show prejudice. *Paulson*, 773 F.3d at 904.

The defendant asserts an additional argument in support of this first ground. That is, the defendant asserts that his counsel was deficient because he "told him that if he didn't take the plea they would give him '[l]ife.'" Filing 65 at 5. However, this argument also fails because, even if his counsel informed the defendant that he would receive "life," the defendant cannot show prejudice. The defendant was informed by the magistrate judge that the offense he was pleading to carried certain penalties. Filing 50 at 10. Specifically, the magistrate judge informed the defendant that given the defendant's prior conviction, "there's a mandatory minimum of 15 years and a maximum of life imprisonment." Filing 50 at 10. The defendant also pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement, in which the parties agreed to a sentence of 180 months' imprisonment. Filing 47. The defendant was advised of the plea agreement's terms at the change of plea hearing and informed the magistrate judge that he voluntarily signed the written plea agreement. Filing 50 at 16-19. The Court adopted the plea agreement at sentencing and sentenced the defendant under the agreement's binding terms. The defendant cannot show that he was prejudiced and that he would

not have pleaded guilty but for the possible deficient performance because the defendant was advised of the statutory sentencing range and the terms of his binding plea agreement and nonetheless entered a plea of guilty. *Paulson*, 773 F.3d at 904. Therefore, the defendant's guilty plea could not have been predicated on any deficient performance by counsel, and the defendant's first ground therefore fails. *Id.*

*2. Experts*

The defendant's second ground for relief also alleges ineffective assistance of counsel. Filing 50 at 5. Specifically, the defendant alleges that his counsel was deficient because he asked his counsel "to hire experts in drug use, i.e. drug treatment specialists, detox counselors, etc. . . to testify that it is reasonable for a heavy meth user to use 8-10 grams a day. And that, therefore, it is reasonable to purchase larger amounts of personal use drugs, to get the discount for purchasing the larger amounts." Filing 65 at 6. As explained above, these assertions by the defendant rely on his apparent claim that he is innocent of the possession with intent to distribute charge because the large amount of methamphetamine recovered by law enforcement was for personal use, not distribution. Filing 50 at 8 (saying the defendant is innocent), 12 (saying the methamphetamine was for personal use). However, at the time of the change of plea hearing, the defendant admitted under oath that he "knew the substance was methamphetamine and intended to distribute it." Filing 50 at 23-24 (saying the defendant agreed with the facts stipulated to in the plea agreement and as recited by the Government at the change of plea hearing). The defendant has offered nothing but wholly contradicted, *post hoc* assertions that he would have pleaded not guilty but for his counsel's purported deficient performance. *Lee v. United States*, 582 U.S. 357, 369 (2019) (saying courts do not look to "post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies" and should "instead look to contemporaneous evidence to substantiate a

defendant's expressed preferences."); *Paulson*, 773 F.3d at 904 (saying that to demonstrate prejudice, "a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'") (quoting *Strickland*, 466 U.S. at 694)). Therefore, the defendant has not and cannot show prejudice as to this second ground, and the ground therefore fails.

*3. Failure to Challenge Methamphetamine Purity*

The defendant's third ground asserts that his counsel performed deficiently because counsel failed "to hire a lab/expert to test the meth he had in his possession for purity." Filing 65 at 7. The defendant asserts that this was necessary because the methamphetamine was only ever tested by a Gas Chromatograph-Mass Spectrometer (GCMS) test. Filing 66 at 14 ("The problem with this finding by the state is that they used the GCMS test, and the GCMS test is not an accurate test of purity."). According to the defendant, his counsel was ineffective because he failed to have an independent test. *See* Filing 66 at 14. However, the defendant cannot show that his counsel performed "outside the wide range of reasonable professional assistance." *O'Neil v. United States*, 966 F.3d 765, 771 (8th Cir. 2020). This is so because the defendant's claim that GCMS test is "not an accurate test of purity" is wrong. The United States Supreme Court has stated that this method "is a widely used scientific method of quantitatively analyzing the constituents of a mixture." *Bullcoming v. New Mexico*, 564 U.S. 647, 654 n.1 (2011). Other federal courts—including this Court—have also approved of the GCMS test. *See, e.g.*, *St. Anthony's Med. Ctr. v. Nat'l Serv. Inds., Inc.* No. 4:09CV844 HEA, 2011 WL 4600671, at *3 (E.D. Mo. Oct. 3, 2011); *see United States v. Terry*, 8:20-CR-248, 2022 WL 17823754, at *4 (D. Neb. Dec. 20, 2022) (saying a challenge to the GC-MS would be "difficult" given it is "a widely used scientific method of quantitatively analyzing the constituents of a mixture"). "Decisions on what to investigate are accorded heavy deference,"

*Russell v. Jones*, 886 F.2d 149, 152 (8th Cir. 1989), and "courts . . . indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003) (internal quotation marks omitted). Given that "[t]he burden is on the petitioner to show that counsel's representation was not within the range of sound defense strategy," the defendant's ground fails on its face, as the methods used to test the methamphetamine were reasonable and counsel's performance therefore was not deficient. *United States v. Sera*, 267 F.3d 872, 874 (8th Cir. 2001). The ground fails, and no evidentiary hearing is required.

4. *Mental Health*

The defendant's fourth ground asserts that he "told his counsel he had mental health issues" and that his counsel "did not further investigate this issue, nor did he apply for an evaluation, nor did he raise the issue in mitigation at sentencing." Filing 65 at 8. This ineffective assistance of counsel ground primarily challenges his counsel for failing to request a mental health evaluation because he was not competent to plead guilty. *See* Filing 66 at 19–20. The defendant asserts that "he lacked 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and did not have 'a rational as well as factual understanding of the [change of plea] proceedings against him.'" *See* Filing 66 at 19-20. The defendant's ground fails because it is once again contradicted by the record.

The Eighth Circuit has explained,

> Due process prohibits a defendant who is mentally incompetent from making a valid guilty plea, *United States v. Premachandra*, 32 F.3d 346, 347 (8th Cir.1994), and from being convicted, *United States v. Jimenez-Villasenor*, 270 F.3d 554, 559 (8th Cir.2001). A defendant is competent if she possesses a "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings." *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam); *Godinez*

> *v. Moran*, 509 U.S. 389, 398, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (holding that the *Dusky* standard for competency to stand trial applies equally to competency to plead guilty).

*United States v. Martinez*, 446 F.3d 878, 881 (8th Cir. 2006).

At the change of plea hearing, the magistrate judge inquired into the defendant's counseling and mental health treatment. Filing 50 at 5. Under oath, the defendant informed the magistrate judge that he was not "currently under treatment or counseling." Filing 50 at 5. Further, the defendant informed the magistrate judge that he was not taking any medication, and that he was not failing to take any medication prescribed to him. Filing 50 at 5. The defendant informed the court that he was not under the influence of any alcohol or drugs and that he was "thinking clearly and able to make sound decisions." Filing 50 at 5. After observing the defendant's demeanor and conduct, the magistrate judge found him competent to have the change of plea hearing. Filing 50 at 5-6. The record shows that the defendant was competent to make a valid guilty plea and that he had a rational understanding of the proceedings. *See generally* Filing 50. In fact, the transcript shows the defendant asking the Court various questions throughout the proceeding, showing that the defendant understood what he was doing and what was taking place. *See generally* Filing 50. The defendant's claim that his counsel performed ineffectively for failing to request a mental health evaluation or challenge the defendant's guilty plea as incompetently made fails because the record clearly shows that the defendant was competent to make the guilty plea. *See generally* Filing 50.

The defendant's Petition also appears to challenge his counsel's performance because counsel did not "raise the [mental health] issue in mitigation at sentencing." Filing 65 at 8. This is a conclusory assertion that cannot form the basis of a ground for relief. The defendant nowhere develops this claim in his briefing. *See generally* Filing 66; Filing 78. The defendant does not allege that he was prejudiced at sentencing because of counsel's purported failure. *See generally* Filing 66.

Among other reasons, the defendant would not be able to do so because he asked the Court to adopt a Rule 11(c)(1)(C) plea agreement that bound the Court to a specific sentence. *See, e.g.*, Filing 50 at 19. Therefore, the defendant's ground fails and is denied without an evidentiary hearing.

*5. Meth Purity*

The defendant's fifth and final ground appears to repeat many of the allegations asserted in his third ground. That is, the defendant asserts that he "asked his lawyer to investigate whether the G.C.M.S. is a reliable test for purity in drugs." Filing 65 at 9. The defendant appears to drop this fifth ground from his brief, as the defendant's argument does not appear aside from its assertion in the defendant's briefing relating to the third ground. *See generally* Filing 66. Therefore, the Court will deny the claim for the same reasons articulated with respect to the defendant's third ground.

**C. Remaining Motions**

The defendant has filed several other outstanding motions. The first of these motions requests the appointment of counsel and a status report on the motion. Filing 67. The Court will deny this motion. As to the request for appointment of counsel, the motion is denied because "[t]here is no right to counsel in postconviction proceedings." *Garza v. Idaho*, 586 U.S. 232, 245 (2019). As to the request for a status report, the motion is denied as moot, as this order fully disposes of the defendant's motion.

The defendant's second outstanding motion requests that the Court "compel defense counsel to surrender the case file in the above styled action to the defendant." Filing 68 at 1 (reduced from all capitals). This motion is denied as moot, as this order fully disposes of the defendant's motion.

The defendant's third motion is an Application to Proceed in District Court Without Prepaying Fees or Costs. Filing 74. This motion is also denied as moot, as this order fully disposes of the defendant's motion.

The defendant's fourth motion requests that the Court issue an order "requiring the Government to Show Cause as to why the Petitioners [sic] § 2255 motion should not be granted." Filing 76 at 1. This motion is also denied as moot, as this order fully disposes of the defendant's motion.

To the extent that the defendant requests to amend his Petition in his supplemental brief, Filing 78, that request is also denied. Neither the arguments contained in his original motion and brief nor the conclusory assertions listed in his supplemental brief afford him relief. Additionally, the defendant has not attached a proposed amended § 2255 motion to his "Supplemental Brief to Support Existing 2255 Brief." Filing 78 (reduced from all capitals); *United States v. Cain*, No. 4:06CR3014, 2008 WL 5110920, at *1 (D. Neb. Dec. 2, 2008) (denying a motion for leave to file an amended motion under § 2255 for failing to comply with NECivR. 15.1(a), which requires an unsigned copy of the proposed amended pleading to be attached to the motion). The Court also notes that towards the end of the defendant's supplemental brief, the defendant "ask[s] I believe for a Rule 41(g) motion." Filing 78 at 11. Even construed liberally, the Court cannot construe the defendant's vague two-sentence paragraph as a motion filed pursuant to Federal Rule of Criminal Procedure 41(g).[1] Should the defendant wish to pursue relief under Rule 41(g), the defendant may file a motion asserting grounds for any such relief with the Court. The Court will consider the merit of any such grounds raised in that separate motion when filed.

[1] The defendant, for instance, does not allege that he is legally entitled to any property. *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008) (saying with respect to Rule 41(g) motions that "[t]he movant must establish lawful entitlement to the property"); *see generally* Filing 78.

**D. Certificate of Appealability**

No appeal may be taken on a § 2255 motion to vacate unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decisions debatable here. Therefore, the Court will not issue a certificate of appealability.

**III. CONCLUSION**

For the reasons stated above, Miller's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 65, fails. Accordingly,

IT IS ORDERED:

1. Daniel Edward Miller's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 65, is denied;

2. The defendant's remaining outstanding motions, Filing 67; Filing 68; Filing 74; Filing 76, are denied; and

3. The Court will not issue a certificate of appealability.

Dated this 25th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge